Case No.: 3:25mj51

FILED
MAY 13 2025
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Christopher M. Page, being duly sworn, depose and say:

1. I am a Special Agent for the Department of Homeland Security (DHS), U.S. Immigration & Customs Enforcement (ICE), Homeland Security Investigations (HSI) and I am currently assigned to the Richmond Office. I have been employed by HSI since December 2019, and I have attended classes and courses conducted by local, state, and federal agencies regarding the importation, transportation, and distribution of illegal drugs. I have completed the Criminal Investigator Training Program and the HSI Special Agent Training program at the Federal Law Enforcement Training Center in Glynco, Georgia. Prior to assuming my position with HSI, I was employed as a State Trooper with the Virginia Department of State Police (VSP) for eight years. During my time as a State Trooper, I was trained to investigate many types of state violations of law to include motor vehicle and criminal statutes. Specifically, I spent six years as a State Trooper assigned to the Counter-Terrorism and Criminal Interdiction Unit (CCI). While assigned to CCI, I investigated numerous incidents of narcotics, currency, and firearm smuggling as well as other types of interstate smuggling.

2. Through investigations and training, I am knowledgeable about state and federal drug and firearm laws, and I have participated in numerous drug trafficking, money laundering, and organized crime investigations that have resulted in the arrest and conviction of numerous members of several different international and domestic criminal organizations for violations of state and federal drug and firearm laws, and the seizure of illegal drugs, U.S. currency, firearms, forfeitable assets, and immigration law violations.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested complaint and warrant and does not set forth all of my knowledge about this matter. The

information provided is based upon my personal knowledge, or that of other sworn law enforcement officers participating in this investigation.

## RELEVANT STATUTORY PROVISIONS

4. Based on the facts set forth in this Affidavit, there is probable cause to believe that a criminal violation of 8 U.S.C. § 1253, Failure to Comply with Removal, was committed by Teodoro NAVA-GUTIERREZ (NAVA-GUTIERREZ), in the Eastern District of Virginia.

5. On May 7, 2025, at approximately 3:46 p.m., HSI Special Agents (SAs) assigned to the Richmond, Virginia office were notified of the escape of NAVA-GUTIERREZ from Virginia Commonwealth University Hospital (VCU) located at 1250 E. Marshall St., Richmond, Virginia 23219. VCU is in Richmond, Virginia and falls within the jurisdiction of the United States District Court for the Eastern District of Virginia.

6. NAVA-GUTIERREZ was in the custody of Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) contractors from the Caroline Detention Facility (CDF). CDF reported that at approximately 3:36 p.m., NAVA-GUTIERREZ absconded from CDF employees and their custody, impeding the proper administration of the law under which any pending proceeding is being had before any department or agency of the United States.

## PROBABLE CAUSE: FAILURE TO COMPLY WITH REMOVAL

7. NAVA-GUTIERREZ is a citizen and national of Mexico, assigned Alien Registration Number (A#) 206 718 052, who has a final Order of Removal pending against him, issued by an Immigration Judge on April 15, 2025. The defendant was present in the United States without being admitted or paroled, and he arrived in the United States at a time and place other than as designated by the Attorney General, and as such, is a member of the class described in 8

U.S.C. § 1227(a)(1)(A). On January 24, 2025, ERO Officers encountered NAVA-GUTIERREZ, who was unlawfully within the United States, during a targeted enforcement action in Harrisonburg, Virginia. On April 15, 2025, NAVA-GUTIERREZ was ordered removed by an Immigration Judge. NAVA-GUTIERREZ has since remained in ICE custody.

8.  On May 6, 2025, NAVA-GUTIERREZ was transported from CDF to Richmond International Airport (RIC) to be transported to Harlingen, Texas as part of ICE's standard removal proceedings. From Harlingen, Texas, NAVA-GUTIERREZ would then have been escorted across the United States-Mexico border. During transport from CDF to RIC, NAVA-GUTIERREZ suffered a medical emergency.

9.  On May 6, 2025, CDF employees transported NAVA-GUTIERREZ to VCU for in-patient medical treatment. NAVA-GUTIERREZ was in the custody of CDF, and CDF employees placed leg restraints on NAVA-GUTIERREZ to ensure that NAVA-GUTIERREZ could not abscond from their custody prior to his removal from the United States. While NAVA-GUTIERREZ was at VCU, CDF employees maintained watch over him.

10. On May 7, 2025, at approximately 1:50 p.m., a nurse with VCU (VCU 1) wanted to conduct a "walk test" with NAVA-GUTIERREZ. At approximately 1:53 p.m., a CDF employee removed leg restraints from NAVA-GUTIERREZ to facilitate the "walk test." The CDF employee did not escort NAVA-GUTIERREZ nor keep NAVA-GUTIERREZ in their direct line of sight. At 2:20 p.m., the CDF employee noticed NAVA-GUTIERREZ and the VCU nurse were not in the hallway outside of NAVA-GUTIERREZ's hospital room. The CDF employee questioned another VCU nurse (VCU 2), who stated NAVA-GUTIERREZ and VCU 1 had moved down the hallway. At 3:00 p.m., the CDF employee still had not seen NAVA-GUTIERREZ or VCU 1, so the CDF employee again questioned VCU 2. The CDF employee eventually managed to locate VCU 1,

who informed the CDF employee that VCU 1 had left NAVA-GUTIERREZ in the family room to clean blood off himself as VCU 1 had removed NAVA-GUTIERREZ's IV. The CDF employee then searched the family room, but could not locate NAVA-GUTIERREZ. At approximately 3:33 p.m., the CDF employee notified ICE management that NAVA-GUTIERREZ had escaped from CDF's custody.

11. NAVA-GUTIERREZ was pending a removal flight to Mexico when he escaped CDF custody, thereby taking an action designed to prevent or hamper or with the purpose of preventing or hampering NAVA-GUTIERREZ's departure.

## CONCLUSION

12. Based on the foregoing, I submit that there is probable cause for the arrest of Teodoro NAVA-GUTIERREZ for a violation of 8 U.S.C. § 1253, Failure to Comply with Removal.

_____
Christopher M. Page, Special Agent
United States Department of Homeland Security
Homeland Security Investigations

Sworn to and subscribed to before me
this 13th day of May, 2025.

_____
/s/
Hon. Summer L. Speight
United States Magistrate Judge